# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBIN R. BROWN, | ) |
|     Plaintiff, | ) No. 16 C 8521 |
| v. | ) Magistrate Judge M. David Weisman |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robin R. Brown appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

Plaintiff filed an application for benefits on December 7, 2010. (R. 85.) Her application was denied initially on March 29, 2011, and again on reconsideration on July 25, 2011. (R. 85-86.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 3, 2012. (R. 34-84.) On August 31, 2012, the ALJ issued a decision denying plaintiff's application. (R. 21-30.) The Appeals Council denied review (R. 5-7), and plaintiff appealed to this Court. (R. 687-91.) By agreement of the parties, the Court reversed and remanded the case to the Commissioner for further proceedings. (R. 686.)

---

[1]On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited Sept. 18, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

A second administrative hearing was held on June 1, 2015. (R. 571-629.) On June 25, 2015, the ALJ determined that plaintiff was disabled from April 4, 2007 through June 11, 2010, but was not disabled thereafter. (R. 546-65.) The Appeals Council denied review (R. 525-28), leaving the ALJ's June 15, 2015 decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her

past relevant work; and (5) if not, whether she is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her disability onset date, April 4, 2007. (R. 550.) At step two, the ALJ found that, from the disability onset date through June 11, 2010, plaintiff had the severe impairments of "morbid obesity, degenerative disc disease ['DDD'], and lower back pain syndrome." (*Id.*) At step three, the ALJ found that, through June 11, 2010, plaintiff's DDD met Listing 1.04A, but it did not meet or equal the severity of a listing thereafter. (R. 551-53.) At step four, the ALJ found that, starting June 12, 2010, plaintiff has been unable to perform her past relevant work but has had the RFC to perform sedentary work, though she "would require a sit-stand option, allowing her to sit or stand alternatively at will, without being off-task for more than 10 percent of the work period." (554, 563.) At step five, the ALJ found that, starting June 12, 2010, jobs have existed in significant numbers in the national economy that plaintiff can perform, and thus she has not been disabled since that date. (R. 564.)

Plaintiff contends that the ALJ's RFC and step five determinations are flawed. The RFC fashioned by the ALJ, for sedentary work with an at-will sit/stand option without being off task more than ten percent of the workday, appears to conflict with the Dictionary of Occupational Titles. *See* Dictionary of Occupational Titles ("DOT"), App. C, § IV, Physical Demands – Strength Rating, *available at* http://www.occupationalinfo.org/appendxc_1.html#STRENGTH,

(last visited Sept. 18, 2017) ("Sedentary" work "involves sitting most of the time" and "walking and standing . . . occasionally," *i.e.*, "up to 1/3 of the time"); *see also* SSR 83-12, 1983 WL 31253, at *4 (1983) (stating that a person with an RFC to perform sedentary work with a sit/stand option is "not functionally capable of doing . . . the prolonged sitting contemplated in the definition of sedentary work"). Though the Commissioner "rel[ies] primarily on the DOT . . . for information about the requirements of work in the national economy," SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000), the ALJ did not acknowledge or address the apparent conflict between the RFC and the DOT.

Even if an at-will sit/stand option does not entirely preclude the performance of sedentary work, the Commissioner recognizes that such a limitation "erode[s]" the "occupational base[, *i.e.*, the approximate number of occupations that an individual has the RFC to perform,] for a full range of unskilled sedentary work." SSR 96-9p, 1996 WL 374185, at *3, *7 (July 2, 1996). The extent to which the occupational base is eroded "depend[s] on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand." *Id.* at *7. Therefore, "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." *Id.* The RFC in this case is silent as to these issues, and the ALJ did not ask plaintiff or otherwise establish how often plaintiff would need to take a break from sitting and how long each such break would be. Absent that information, the ALJ had no basis for concluding that plaintiff's breaks would consume less than ten percent of the workday (R. 554),[2] and based on this same absence of information, the vocational expert, who testified that plaintiff had the RFC to be a sorter, packer or assembler (R. 621), had no basis

---

[2]The vocational expert testified that, to be employable, an employee must be on task more than eighty-four percent of the work day. (R. 621.)

4

to opine on the occupational base available to plaintiff. Thus, the ALJ's RFC and step five determinations are not supported by substantial evidence.

Plaintiff also contends that the ALJ's credibility determination/symptom evaluation[3] is flawed because he used boilerplate language in his discussion. (*See* R. 554 ("I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.")); *see also Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir.), *as amended on reh'g in part*, (2010) (characterizing similar language as "meaningless boilerplate"). Use of boilerplate language is not fatal, however, if it is accompanied by "a detailed explanation of the evidence and [the ALJ's] reasoning about credibility." *Pierce v. Colvin*, 739 F.3d 1046, 1050 (7th Cir. 2014). That analysis should include consideration of:

> 1. The [individual's] [d]aily activities; 2. The location, duration, frequency, and intensity of [the individual's] pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, [the] individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms . . . ; and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2016 WL 1119029, at *7; *see* SSR 96-7p, 1996 WL 374186, at *3 (same). Here, the ALJ analyzed the medical evidence (R. 554-55 (stating that (1) plaintiff's "treatment [for her back impairments] has generally been routine and conservative" and has improved her condition;

---

[3]The Commissioner issued new guidance for evaluating symptoms in disability claims, which supersedes SSR 96-7p and "eliminat[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). Though SSR 16-3p was issued after the ALJ's decision in this case, it is appropriate to apply it here because it is a clarification of, not a change to, existing law, *see Pope v. Shalala*, 998 F.2d 473, 483-83 (7th Cir. 1993), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999) (stating that courts give "great weight" to an agency's expressed intent to clarify a regulation), and is substantially the same as the prior regulation. *Compare* SSR 96-7p, 1996 WL 374186 (July 2, 1996), *with* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016).

(2) "clinical examinations . . . are not consistent with the level of impairment she describes"; and (3) "imaging of [plaintiff's] back did not show evidence of degeneration consistent with [her] allegations of pain")), but gave little or no consideration to the other factors. (*See, e.g.*, R. at 584 (plaintiff testifying that she has a "homemaker" who takes care of household chores); R. 283, 289, 313-14, 321-22, 328-29, 331-32, 340-41, 366, 799-800 (records of plaintiff's attempts to relieve her pain with medication, physical therapy, exercise, steroid injections, and electrotherapy).) The ALJ's failure to provide a "detailed explanation of the evidence and . . . reasoning about credibility" coupled with his use of boilerplate language requires a remand. *Pierce*, 739 F.3d at 1051 ("An erroneous credibility finding requires remand unless the claimant's testimony is incredible on its face or the ALJ explains that the decision did not depend on the credibility finding.").

## Conclusion

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [19], reverses the Commissioner's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

SO ORDERED.                ENTERED:  September 18, 2017

**M. David Weisman**
**United States Magistrate Judge**